UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

EUGENE E. ESPINOZA,

Plaintiff,

v.

PRISON HEALTH SERVICES, SALLY HANSON, PRAIRIE CORRECTIONAL FACILITY, HOYT BRILL, CORRECTIONS CORPORATION OF AMERICA, DR. R. CRANTS, STATE OF WISCONSIN, DR. GEORGE M. DALEY, and JON E. LITSCHER,

Defendants.

Civil No. 00-1949 (JRT/ESS)

**ORDER**

---

THIS MATTER is before the Court on Plaintiff's motions for appointment of counsel [Docket Nos. 8 and 18]; and for an extension of time in which to respond to the motions to dismiss by Defendants Brill, Crants, the Prairie Correctional Facility, the Corrections Corporation of America, and the State of Wisconsin [Docket Nos. 9 and 19]. The Defendants' motions to dismiss [Docket Nos. 4 and 15] will be addressed in due course.

Appointment of Counsel

Plaintiff is a Wisconsin prisoner who has been transferred to the Prairie Correctional Facility in Appleton, Minnesota. He claims that the Defendants have violated his Eighth Amendment rights by showing deliberate indifference to his serious medical needs, and he seeks relief under 42 U.S.C. § 1983. Plaintiff asks this Court to appoint counsel to assist him in the prosecution of his claim.

Pro se litigants, (whether prisoners or non-prisoners), do not have a constitutional or statutory right to counsel in civil cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998).

FEB 26 2001

Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues and whether both the litigant and the Court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Here, the Court finds that neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. It appears to this Court that Plaintiff has the threshold ability to articulate his claims and to argue his positions, and that he is able to communicate effectively with the Court. At this stage, the case appears to present issues which are neither factually nor legally complex. The Court finds that appointment of counsel is not warranted at this time. Plaintiff may renew his motion for appointment of counsel if the complexity of the case changes or on appeal.

Extension of Time

To date Plaintiff has not submitted a response to the motions to dismiss submitted by Defendants Brill, Crants, the Prairie Correctional Facility, the Corrections Corporation of America, and the State of Wisconsin. Instead, he seeks additional time to respond pending the resolution of his motion for appointment of counsel. As the Court has considered and rejected that motion, Plaintiff will be granted an additional thirty days from the date of this order in which to file a response to the motions to dismiss.

Therefore, based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motions for appointment of counsel [Docket Nos. 8 and 18] are

**DENIED**; and

2. Plaintiff's motion for an extension of time in which to respond to the motions to dismiss by Defendants Brill, Crants, the Prairie Correctional Facility, the Corrections Corporation of America, and the State of Wisconsin [Docket Nos. 9 and 19] is **GRANTED**, and Plaintiff shall have an additional thirty days from the date of this order in which to file a response to the motions to dismiss.

**IT IS FURTHER ORDERED** that, pursuant to Rule 16, Federal Rules of Civil Procedure, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3. The Court will entertain no ex parte motions. All motions shall be filed with the Clerk of Court with a copy sent to the opposing party.

3. The period during which the parties may conduct discovery shall terminate on May 25, 2001. Disputes with regard to discovery shall be called immediately to the Court's attention by the making of an appropriate motion, and shall not be relied upon by any party as a justification for not adhering to this pretrial schedule;

4. All motions which seek to amend the pleadings or add parties must be filed and served, including any memorandum of law and all supporting documents, on or before March 30, 2001;

5. All other nondispositive motions, specifically those which relate to discovery and the discovery period, shall be filed and served, including any memorandum of law and all supporting documents, prior to May 25, 2001. Responses to nondispositive motions shall be filed and served on or before fourteen (14) days following service of the original motion. All

nondispositive motions will be considered on the papers submitted without a hearing unless the Court determines there is a specific need to hold such a hearing;

6. All dispositive motions, <u>including any memorandum of law and all supporting documents</u>, shall be filed and served prior to July13, 2001. Responses to dispositive motions shall be filed and served on or before thirty (30) days following service of the original motion. All dispositive motions will be considered on the papers without oral argument unless the Court determines there is a specific need to hold such a hearing;

If Plaintiff fails to adhere to the deadlines set forth in this Order, the Court will consider recommending dismissal of the claim for failure to prosecute.

Dated: February 23, 2001

E. S. SWEARINGEN
United States Magistrate Judge