**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

EUGENE ESPINOZA,

Plaintiff,

v.

PRISON HEALTH SERVICES, SALLY HANSON, PRAIRIE CORRECTIONAL FACILITY, HOYT BRILL, CORRECTIONS CORPORATION OF AMERICA, DR. R. CRANTS, STATE OF WISCONSIN, DR. GEORGE M. DALEY, and JON E. LITSCHER,

Defendants.

Civil No. 00-1949 (JRT/ESS)

**REPORT AND RECOMMENDATION**

---

Plaintiff appeared pro se.

Bruce P. Candlin, Esq., appeared on behalf of Defendant Prison Health Services and Defendant Sally Hanson.

John William Riches, Esq., appeared on behalf of Defendant Hoyt Brill, Defendant Dr. R. Crants, Defendant Prairie Correctional Facility, and Defendant Corrections Corporation of America.

Michael D. Oeser, Esq., appeared on behalf of Defendant State of Wisconsin, Defendant George M. Daley, and Defendant Jon E. Litscher.

---

THIS MATTER came before the undersigned United States Magistrate Judge on motions to dismiss by Defendants Brill, Crants, and State of Wisconsin, and a motion for summary judgment by Defendants Prison Health Services and Hanson. In this pro se civil rights action Plaintiff seeks monetary and injunctive relief. This Court has jurisdiction pursuant to 28 U.S.C. § 1343, and these proceedings have been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). As discussed more fully below, this Court recommends **that Defendants' motion be granted, because**

FILED ______ 7/31/01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

## I. Background

Plaintiff Gregory Barnett is a Wisconsin state prisoner who, due to overcrowding, is currently housed at the Prairie Correctional Facility ("PCF") in Appleton, Minnesota. Compl. at 1-2, ¶ 1 [Docket No. 1]. He has been diagnosed with a bilateral inguinal hernia.[1] Compl. at 5. Plaintiff's hernia is reducible, which means that he can manually restore the hernia sac to its normal location. Compl. at 5; Stedman's Medical Dictionary, 26th ed., at 789. Plaintiff contends, however, that the "aching pain" he experiences from his condition has increased in frequency and severity in recent months. Compl. at 5. He states that due to the severity of his pain he was forced to resign his job in the PCF woodshop and take a lower paying job in his housing unit. Compl. at 7. Plaintiff also contends that he has had to reduce his hernia with increasing frequency, and this, together with the increased severity of his pain, has caused him anxiety. Compl. at 6. Plaintiff also notes that his hernia could become acutely incarcerated, a potentially life threatening condition. Id.

Plaintiff states that his treating physician at PCF, Dr. Schotzko, informed him that the only measure which will relieve his pain is surgical repair. Compl. at 5. Dr. Schotzko referred Plaintiff for a surgical consult, but this request was denied due to the fact that Plaintiff's hernia is reducible. See Compl., Exhibit 5 ("Ex. 5") (Outpatient Referral Request Form). Plaintiff states that Dr. Schotzko told him that no matter how many times Plaintiff's case would be submitted for a surgical consult, the request would be denied. Compl. at 7. Plaintiff contends that this demonstrates that there is a policy at PCF to deny surgical repair of hernias for financial reasons unless the hernia "strangulates" and becomes life threatening. Id. Plaintiff has pursued this

---

[1] An inguinal hernia is a protrusion of the intestines through the abdominal wall in the groin. Compl. at 5; Stedman's Medical Dictionary, 26th ed., at 788-89, 872.

matter through the formal grievance procedures at PCF. Compl. at 10. He has also appealed the denial of his request for surgical repair in letters written to Defendants Daley and Litscher and Defendant Prison Health Services. Id.

Plaintiff contends that the failure of prison authorities to provide for surgical repair of his condition constitutes deliberate indifference to his serious medical needs. He seeks an independent review of his medical condition followed by surgery, as well as compensatory and punitive damages. Compl. at 12. Plaintiff filed this suit against the individual defendants in both their individual and official capacities. He named Prison Health Services as a defendant because he claims it was responsible for denying a needed surgical procedure. Compl. at 8. Plaintiff named Ms. Hanson as a defendant because he contends she "has a say" in the "money saving unwritten policy" to deny surgical repair of reducible hernias. Id. Defendants Brill and PCF were named because of their "moral and legal obligation" to assume responsibility for the well-being of the inmates at PCF. Id. Plaintiff named CCA and Dr. Crants as defendants because they are responsible for the operation of PCF. Id. Plaintiff filed this action against the state of Wisconsin and Defendants Daley and Litscher because of they are responsible for the health and welfare of Wisconsin state prisoners incarcerated in another state. Id.

## II. DISCUSSION

### 1. Standard of Review

As noted, the several defendants have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Dismissal for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure is proper if it appears that the Plaintiff can prove no set of facts in support of his claims that would entitle him to the relief requested. Hisho v. King & Spalding, 467 U.S. 69,

73 (1984). On a motion to dismiss pursuant to Rule 12(b)(6), the court should liberally construe a pro se complaint and should not dismiss the claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief. Holloway v. Lockhart, 792 F.2d 760, 761-62 (8th Cir. 1986)(citing Conley v. Gibson, 335 U.S. 41, 45-46 (1957). A plaintiff cannot rely upon general and conclusory allegations to survive a Rule 12(b)(6) motion, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985), but the court must presume that factual allegations in the complaint are true and accord reasonable inferences in favor of the non-moving party. Holloway, 792 F.2d at 762. Although pro se plaintiffs may be held to a less stringent standard than lawyers with respect to the adequacy of their pleadings, pro se pleadings must still set forth facts sufficient to state a claim as a matter of law. Johnson v. Stark, 717 F.2d 1550, 1552 (8th Cir. 1983).

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate only when there is no genuine issue as to any material fact and the case may be decided on purely legal grounds. Fed. R. Civ. P. 56(c); Agristor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). To be considered material, any disputed facts must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party has the initial responsibility of demonstrating that there is no genuine issue of material fact to be decided. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Once a motion for summary judgment has been made and supported by the pleadings and affidavits as provided in Rule 56(c), the burden shifts to the party opposing the motion to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In satisfying this burden, however, the non-moving party must do more than simply establish doubt

as to material facts. The party opposing summary judgment may not "rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 586, n. 11; see also Krenik v. County of Le Seur, 47 F.3d 953, 957 (8th Cir. 1995); Fed. R. Civ. P. 56(e).

When there can be no reasonable construction of the facts that would allow the non-moving party to prevail, the remedy of summary judgment is appropriate. Matsushita, 475 U.S. at 586-87. Summary judgment is not appropriate, however, where there are genuine factual issues that "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Liberty Lobby, 477 U.S. at 250.

2. Defendant State of Wisconsin

Pursuant to Rule 12(b)(6), the State of Wisconsin moves for dismissal of all claims against it. This defendant contends that under the protection of the Eleventh Amendment to the Constitution of the United States it is immune from suit in federal court. See Brief in Supp. of Mot. to Dismiss at 2-5 [Docket No. 16]. While 42 U.S.C. § 1983 provides a federal forum to remedy deprivations of civil liberties, it does not provide "a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Will v. Michigan, 491 U.S. 58, 66 (1989). Such suits are barred against a state unless the state has waived its immunity under the Eleventh Amendment, or unless Congress has exercised its powers under § 5 of the Fourteenth Amendment to override that immunity. Id. (citations omitted). The authors of § 1983, however, did not intend to override the Eleventh Amendment immunity of the states. Id. at 66-67. Moreover, a state is not a "person" within the meaning of § 1983.[2] As a consequence,

---

[2] 42 U.S.C. § 1983 provides, in relevant part, that:
"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of

Plaintiff may not maintain a claim against the State of Wisconsin without its consent. Absent such consent, Plaintiff's claims against the State of Wisconsin should be dismissed.

3. Defendants Daley and Litscher

Defendants Daley and Litscher have filed a joint answer to Plaintiff's complaint, but they have not filed any dispositive motions.[3] Nevertheless, Plaintiff's Complaint is still subject to sua sponte dismissal pursuant to 42 U.S.C. § 1997e(c)(1), which provides that:

> "[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."

42 U.S.C. § 1997e(c)(1). As already noted, Plaintiff filed suit against these officials of the State of Wisconsin in both their official and individual capacities. A suit against a state official in his or her official capacity is a suit against that official's office, and, as such, it is a suit against the state itself. Will, 491 U.S. at 71. Therefore, for the reasons stated above, Plaintiff's claims against Defendants Daley and Litscher in their official capacities should be dismissed.

A suit brought against a state official in his or her individual capacity, however, seeks to

---

> any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

[3] Shortly before the time for filing dispositive motions established by this Court's February 23, 2001, Order [Docket No. 21], had run, Defendants filed a motion for extension of time to file dispositive motions. [Docket No. 31]. In a separate order, the Court denied this motion.

impose individual liability upon a government official for actions taken under color of state law. Hafer v. Melo, 502 U.S. 21, 25 (1991). A state official sued in his or her individual capacity "come[s] to court" as an individual, and is, therefore, a "person" within the meaning of § 1983. Id. at 27. As a consequence, the Eleventh Amendment does not bar an action brought pursuant to § 1983 against a state official in his or her individual capacity. Id. at 31.

While Plaintiff may proceed against Defendants Daley and Litscher in their individual capacities, the Court finds that Plaintiff has failed to state a claim against these defendants upon which relief can be granted. To state an actionable § 1983 claim, the complaint must allege facts showing each "individual defendant's personal involvement or responsibility" for the alleged violations of the plaintiff's constitutional rights. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (emphasis added). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). In other words, the complaint must set forth specific factual allegations showing what each individual defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). In this case, Plaintiff's complaint fails to state an actionable § 1983 claim against Defendants Daley and Litscher because there are no factual allegations describing anything that those particular Defendants did or failed to do that could be

viewed as a violation of Plaintiff's constitutional rights. Plaintiff stated in his complaint that he named Daley and Litscher as Defendants because of they are responsible for the health and welfare of Wisconsin state prisoners incarcerated in another state. While the Court presumes this to be true, Plaintiff's complaint fails to allege any "personal involvement or responsibility" on the part of these defendants in the alleged deprivation of Plaintiff's constitutional rights.

Plaintiff may be seeking to hold Defendants Daley and Litscher vicariously liable, based on acts or omissions by subordinate officials at PCF. However, it is well-settled that government officials cannot be held liable under the doctrine of *respondeat superior* in § 1983 actions. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). To state an actionable § 1983 claim against Daley and Litscher, the complaint would have to include factual allegations showing that they personally violated Plaintiff's constitutional rights. Because no such allegations appear in the present complaint, Plaintiff has failed to state a cause of action against Defendants Daley and Litscher. Plaintiff did send letters to Daley and Litscher appealing the denial of surgery. However, that, standing alone, will not support any actionable § 1983 claim. As a consequence, the claims against these defendants should be dismissed.

4. Defendants Brill, Crants, CCA, and PCF

Similarly, there are no allegations suggesting that Defendants Brill and Crants violated Plaintiff's constitutional rights. These defendants, together with PCF and CCA, have filed a motion to dismiss pursuant to Rule 12(b)(6). Brill and PCF were named as defendants because of their "moral and legal obligation" to assume responsibility for the well-being of the inmates at PCF. Plaintiff named CCA and Dr. Crants as defendants because they are responsible for the operation of PCF. The complaint does not allege any "personal involvement or responsibility" on the part of these defendants in the alleged deprivation of Plaintiff's constitutional rights.

A § 1983 claimant may, however, maintain a direct theory of liability against a prison or other official if that official fails to train, supervise, direct or control the actions of a subordinate who causes a deprivation of civil liberties. Johnson v. Lockhart, 941 F.2d 705, 707 (8th Cir. 1991), quoting Crooks v. Nix, 872 F.2d 800, 804 (8th Cir. 1989). Thus, abdication of policy-making and oversight responsibilities can reach the level of deliberate indifference to serious medical needs when "tacit authorization of subordinates' misconduct causes constitutional injury." Id. (internal citations omitted). However, as discussed more fully below, the Court does not find that the subordinates of these defendants caused Plaintiff to suffer a constitutional injury. Plaintiff has not alleged that Defendants Crants and Brill have abdicated their policy-making or oversight responsibilities. Instead, he simply contends that these defendants are responsible for the operation of PCF and for the well being of prisoners. As such, he is making a claim of vicarious liability and, as noted above, a § 1983 claimant may not proceed under a theory of *respondeat superior*. Therefore, it appears that the Plaintiff can prove no set of facts in support of his claims against Defendants Brill and Crants that would entitle him to the relief requested.

Defendants CCA and PCF are, for the purposes of § 1983, state actors. See Street v. Corrections Corporation of America, 102 F.3d 810, 814 (6th Cir. 1996) (warden, corrections officer and detention facility run by publicly held corporation were acting color of state law because operating a prison is a traditional state function). As such, they can be sued under § 1983. Id. As private entities, however, the CCA and PCF do not enjoy the protection of Eleventh Amendment immunity. Instead, they are analogous to municipal corporations, which may be held liable for damages under § 1983 for violations of federal law that occur pursuant to an official policy or custom. Monell, 436 U.S. at 690-91; see also Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997) (holding that a private entity that contracts with a county to provide

medical services becomes the functional equivalent of a municipality).

Defendants contend that Plaintiff makes no mention of a policy or custom with respect to the denial of his surgery. See Mem In Supp. Mot. For Dismissal at 5, [Docket No. 4]. This is incorrect, as Plaintiff contends that there is a policy at PCF to deny surgical repair of hernias for financial reasons unless the hernia "strangulates" and becomes life threatening. See Compl. at 7. Nevertheless, this allegation is conclusory, and, as such, cannot survive a motion to dismiss. Plaintiff does not offer any facts in support of this contention. Furthermore, as discussed in the next section, a policy of denying surgical repair for hernias that are reducible would not violate Plaintiff's constitutional rights. Therefore, Plaintiff has not set forth facts sufficient to state a claim as a matter of law. His claims against Defendants Brill, Crants, CCA and PCF should therefore be dismissed.

5. Defendants Hanson and Prison Health Services

Defendant Sally Hanson and Prison Health Services move for summary judgment pursuant to Rule 56. They contend that their role in this matter was limited to forwarding Plaintiff's request for surgery to the Regional Medical Director, and the Regional Medical Director was responsible for denying this request. See Mem. In Supp. at 5 [Docket No. 26]. Furthermore, they contend that while a hernia is a serious medical condition, surgical repair is not always necessary or desirable. Id. at 10. Even if it constituted medical malpractice not to perform the surgical repair of Plaintiff's hernia, medical malpractice, without more, does not establish a constitutional violation. Id. Defendants contend that, as Plaintiff was seen by medical personnel at PCF at his request, he has not established that Defendants showed deliberate indifference to his medical needs. Id. at 12.

Plaintiff's Complaint named Ms. Hanson as a defendant because he contends she "has a

say" in the "money saving unwritten policy" to deny surgical repair of reducible hernias. For the reasons discussed above, Plaintiff has failed to allege facts showing Defendant Hanson's personal involvement in the alleged violations of Plaintiff's constitutional rights. Plaintiff's response to Defendants' motion for summary judgment does not allege any specific wrongdoing by Defendant Hanson. See Pl.'s Anser to Mem. of Summary Judgment [Docket No. 27]. Thus, Plaintiff has not set forth specific facts regarding the conduct of Defendant Hanson showing that there is a genuine issue for trial.

Plaintiff has alleged the Prison Health Services was directly responsible for the denial of his surgery. Prison Health Services contends, however, that the Regional Medical Director, and not it, was responsible for the denial of surgery. Leaving aside the question of whether Prison Health Services was responsible for the surgical denial, the Court will consider whether the denial of surgical repair of Plaintiff's condition constituted deliberate indifference to his serious medical needs.

In Taylor v. Turner, 884 F.2d 1088 (8th Cir. 1989), the court considered an appeal from the denial of a petition for a writ of habeas corpus under 28 U.S.C. § 2255. 884 F.2d at 1089. Petitioner claimed that the denial of, among other things, his request for surgical repair of a bilateral inguinal hernia constituted deliberate indifference to his serious medical needs. Id. The court, however, concluded that as petitioner had been evaluated by two surgeons for his hernia, the evidence did not indicate deliberate indifference by prison medical staff. In this matter the evidence is clear that, as in Taylor, Plaintiff was seen by prison medical staff multiple times in response to his complaints regarding his hernia. The prison physician, Dr. Schotzko, requested a surgical consultation for Plaintiff's condition, but that request was denied due to the fact that Plaintiff's hernia was reducible. Unlike the plaintiff in Johnson, Plaintiff's treating physician

never recommended immediate surgery because his condition was not life threatening. Instead, prison officials pursued a conservative course of treatment because Plaintiff could easily reduce his hernia himself. See Aff. of Sally Banken at 4, ¶¶ 19-20 [Docket No. 29]. Plaintiff disagrees with this conservative treatment, but disagreements with prison medical staff concerning course of care do not establish deliberate indifference. Beck v. Skon, 253 F.3d 330, 334 (8th Cir. 2001); see also Taylor 884 F.2d at 1090 (plaintiff's disagreement with treatment, including refusal to surgically repair inguinal hernia, did not constitute deliberate indifference).Thus, while the Court is sympathetic to Plaintiff's condition, Plaintiff has not has not set forth specific facts demonstrating deliberate indifference to his serious medical needs. As a consequence, his complaint should be dismissed.

Therefore, based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The motion to dismiss by Defendant Hoyt Brill, Defendant Dr. R. Crants, Defendant Prairie Correctional Facility, and Defendant Corrections Corporation of America [Docket No. 4] be **GRANTED**;

2. Defendant State of Wisconsin's motion to dismiss [Docket No. 15] be **GRANTED**;

3. The motion for summary judgment by Defendant Sally Hanson and Defendant Prison Health Services [Docket No. 25] be **GRANTED**; and

4. This action be dismissed.

Dated: July 31, 2001

E. S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation within 10 days after being served with a copy thereof. The objecting party must file with the Clerk of the Court and serve on all parties, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within 10 days.